NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1321-15T2

KATHARINE LAI,

 Plaintiff-Appellant,

v.

NARDULLI, GIBBONS and IAC,

 Defendants-Respondents.
_____________________________

 Submitted March 22, 2017 – Decided April 7, 2017

 Before Judges Alvarez and Accurso.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Docket No.
 L-3126-15.

 Katharine Lai, appellant pro se.

 Thomas Paschos & Associates, PC, attorneys
 for respondents (Thomas F. Gallagher, on the
 brief).

PER CURIAM

 Plaintiff Katharine Lai appeals from an October 1, 2015

order denying reconsideration of a prior order dismissing her

complaint against defendants Nardulli, Gibbons and IAC without

prejudice. Because a review of plaintiff's complaint and
subsequent filings make clear she has never alleged sufficient

facts to even suggest a cause of action against these

defendants, we affirm.

 In a complaint filed in the Law Division, plaintiff alleged

she owns commercial property in Highland Park, which was damaged

as a result of freezing pipes in February 2015. She reported

her claim to her insurance carrier, Guard Company, on February

21, and received a certified letter on February 26,

acknowledging the claim and identifying the adjuster as

Capstone. She subsequently received a telephone call from

defendant Gibbons, an employee of IAC, who identified himself as

the adjuster assigned to her claim.

 Plaintiff alleged she met Gibbons at the property on March

9, and that the first question he asked was her age. She

claimed he told her not to make any repairs until he could send

someone to estimate the damages to dental equipment in the

dentist's office where the pipes apparently burst. Plaintiff

claimed she received a letter from Gibbons on March 14

requesting additional information regarding the claim. Because

Gibbons "forgot" to provide her his email address, she was

forced to send leases and PSE&G bills to him by fax. Plaintiff

objected to Gibbons' failure to communicate by email as she knew

it was "the only way to moving all the procedures very quickly."

 2 A-1321-15T2
 Plaintiff alleged she received a letter from Gibbons on

April 11, with questions about the information previously

provided. Plaintiff alleged the letter "only Proved that he did

not know how to read [her] 2 letters, [her] PSEG bills and [her]

leases." She sent the exchange of correspondence to defendant

Nardulli, president of IAC, seeking assistance. Nardulli

responded by email, but ultimately "only repeated Mr. Gibbons'

funny questions. As if he also did not know how to read [her] 2

letters, [her] PSEG bills and [her] leases."

 Plaintiff forwarded her exchange with Nardulli to Guard for

assistance. Her letter was apparently referred to Capstone,

because she claimed to have received a letter from a Mr. Carney

of Capstone on April 21. She forwarded all of her emails to

Carney, along with a

 warning [to] all parties about if [she]
 cannot received $21,008.40 property damages
 & rental damages fees before May 10, 2015
 . . . [t]hen [she would have] to sue Mr.
 Nardulli, Mr. Gibbons & IAC for Fraud and
 Discriminating me as a Disabled Old Chinese
 Woman for 8 counts of $20,000,000 – damages.
 No Matter they can sue Capstone & Guard Co.
 as the third party plaintiffs or not?

 Making good on her threat, plaintiff filed an eight-count

complaint in the Law Division on May 27 asserting the facts set

forth here, and claiming "[a]ll the Parties only can see me and

discriminating me as a Multiple Disabled, Old, Chinese Woman.

 3 A-1321-15T2
That's why they all dared repeatedly refused to answer my

issues." The complaint sets forth claims alleging defendants

violated 42 U.S.C.A. § 1981, 42 U.S.C.A. § 1983, the Law Against

Discrimination, the constitutions of the United States and the

State of New Jersey and asserts claims for fraud and negligence.

Plaintiff seeks "discrimination damages" of $20,000,000 plus

$21,008.40 in "property claim damages," along with punitive

damages, interest, costs of suit and attorney's fees.

 Defendants filed a motion to dismiss in lieu of answer

asserting the complaint failed to state a claim upon which

relief could be granted. Plaintiff sent an email to the court

requesting that it deny defendants' "FAKE Motion on 08/07/2015

WITHOUT ANY ORAL argument." Plaintiff argued she set forth in

her complaint, above the jury demand, "very clearly [a]ll the

rules and laws" on which she relied. She maintained that

because defendants' motion relied only on her complaint, "[her]

best proving document," that either counsel for defendants

"FAILED to read [her] complaint very carefully . . . OR he is

intentionally to file a FAKE Motion to dismiss my L-3126-15

. . . UNLAWFULLY!"

 The court granted defendants' motion dismissing the

complaint without prejudice on August 20, 2015. Plaintiff moved

for reconsideration advising that she had already warned

 4 A-1321-15T2
defendants' counsel to "correct [the court's] 08/20/15 unlawful

order and [that] they should settle with [her] at once[,] [t]o

avoid [her] reports to ACJC and Attorney Ethical Committee of

Camden County." The court denied the motion, resulting in the

order from which plaintiff appeals. In a four-page written

statement of reasons, the court carefully explained the law and

the reasons why plaintiff's complaint failed to plead

"sufficient and essential facts" necessary to support the causes

of action plaintiff put forth and thus that reconsideration was

not appropriate.

 Plaintiff appeals, claiming she used "the same laws same

counts" as in a case filed by the ACLU on behalf of three

African American minors against a municipality alleging race

discrimination, unlawful search and detention and negligence,

which was settled for over $59,000. Plaintiffs in that case

alleged police officers "searched and berated the boys while

they told the boys' three white friends to go home."

 Unfortunately, the model plaintiff used for her complaint

involved a situation utterly unlike the one she complains of,

the failure of the insurance adjuster retained by her insurance

company to recommend payment of her property damage claim.

Moreover, plaintiff's complaint does not explain the connection

between her age, sex, disability status or national origin and

 5 A-1321-15T2
the denial of her insurance claim, what duty defendants owed her

or why the adjuster's actions constituted fraud. As the Law

Division judge explained, plaintiff's membership in a protected

class is not enough to establish the causes of action she has

asserted against defendants.

 Because the facts as alleged in plaintiff's complaint do

not state a cause of action under 42 U.S.C.A. § 1981 or § 1983,

N.J.S.A. 10:5-4, and she nowhere explains what duty defendants

owed her, how it was breached or what material misrepresentation

they made and how she relied upon it, we agree with the Law

Division that her complaint was properly dismissed without

prejudice. See Printing Mart-Morristown v. Sharp Elecs. Corp.,

116 N.J. 739, 753 (1989). We affirm substantially for the

reasons expressed in the court's written opinion of October 1,

2015.

 Affirmed.

 6 A-1321-15T2